UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――

| | |
|---|---|
| JIMMIE LEE BROOM, | ) |
| | ) |
| Plaintiff, | )   Case No. 4:05-cv-123 |
| | ) |
| v. | )   Honorable Richard Alan Enslen |
| | ) |
| JOHN ENGLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**OPINION**

   This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his Complaint without prejudice.

**Discussion**

   I.  Factual allegations

   Plaintiff is currently incarcerated at the Pugsley Correctional Facility. In his *pro se* Complaint, Plaintiff sues former Governor John Engler, the Michigan Department of Corrections

("MDOC"), Warden Thomas A. Phillips of the Pugsley Correctional Facility, and John and Jane Doe employees of the MDOC.[1]

Plaintiff first claims that Defendant Engler unconstitutionally amended the parole guidelines in 1992 in violation of his due process rights under the Fourteenth Amendment. Plaintiff alleges that the parole guidelines do not provide any guidance to a prisoner who has an "average" probability of parole. Michigan Compiled Laws § 791.233e(6) provides that "the parole board may depart from the parole guidelines by denying parole to a prisoner who has a high probability of parole . . . or by granting parole to a prisoner who has a low probability of parole . . . ." A departure, however, must be made after finding substantial and compelling reasons in writing. *See* MICH. COMP. LAWS § 791.233e(6). Plaintiff argues that the parole board has complete discretion over the "average group" and does not need to explain its reasons for denying parole. For eight years, the parole board has denied Plaintiff's parole for his non-violent property offenses (breaking and entering a building with intent to commit a felony), supposedly due to fifty-three "trivial" major misconduct infractions. According to Plaintiff, the prison staff wrote the misconduct infractions for "job security" and to justify Plaintiff's eight years of parole denials. Plaintiff argues that Michigan's unconstitutional parole system has effectively extended Plaintiff's sentence. He also claims that the MDOC falsified government documents to guarantee Plaintiff received a low probability of parole by classifying him as having a history of sex offenses and assault.

Second, Plaintiff argues that the MDOC staff harassed and retaliated against him for filing grievances at Newberry, Florence Crane and Pugsley Correctional Facilities, and complaints

---

[1] Plaintiff requests that this Court include the names of Defendants from his 2001, 2002, 2003 and 2005 complaints filed in Ingham County Circuit Court.

in Ingham County Circuit Court in violation of his First Amendment rights. Each time Plaintiff complained about the prison staff's retaliatory behavior, Plaintiff received psychiatric referrals. The MDOC eventually diagnosed Plaintiff with a delusional paranoia disorder. Plaintiff states that on one visit to the psychiatric hospital, an unknown staff member at the hospital stated "if you continue to file complaints, the MDOC's psychiatric administrative board will go to court and attain a legal order to fasten [you] to a bed and inject [you] with psychotropic medication until they [are] satisfied." Moreover, Plaintiff states that the MDOC falsified numerous government documents in his institutional file to retaliate against him. To further retaliate against Plaintiff, prison staff allegedly recruited and rewarded certain prisoners to humiliate or harass Plaintiff by following and provoking him so that he acted out in a negative, destructive or reckless manner. When he reacted to those tactics, Plaintiff received a "trivial" major misconduct infraction.

Finally, Plaintiff argues that Defendants, or prisoners acting on behalf of Defendants, harassed him for filing grievances, served him overcooked food and less food than "what is legislatively authorized" in violation of his Eighth Amendment rights. Plaintiff also found glue in his beard twice. For relief, Plaintiff requests "constitutional equal protection" until released from the MDOC, the Court to conduct a scientific analysis of all prisoners and their families, who received a verdict in their favor over the last 40 years, in order to establish a pattern of "illegal animalistic behavior" on behalf of the MDOC, and monetary damages of 77 million dollars.

    II.    <u>Lack of exhaustion of available administrative remedies</u>

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.

*See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[2] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims of retaliation and harassment are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy

---

[2] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff's complaint was filed on the form. Plaintiff, however, did not attach any of his grievance forms to his complaint.

Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective Dec. 19, 2003). Section III "Exhaustion of Administrative Remedies" of the form complaint lists numerous questions to assist prisoners with meeting the exhaustion requirements of 42 U.S.C. § 1997e(a). For example, Section III(B) asks whether a prisoner filed a grievance regarding the facts set forth in the Complaint. In his Complaint, Plaintiff answered "yes" and "no" to that question. The form complaint and Plaintiff further provide:

> 1. If your answer is no, explain why a grievance was not filed:
>
> In Newberry & Florence Correctional Facilities during 2001, 2002 & 2003 (YES). But in Pugsley Correctional Facility (NO). Today due to my 2001, 2002, 2003 & now 2005 retaliatory harassment and mental victimzation [sic] experiences, I'm extremely afraid to verbally or in any written grievance form complain.
>
> 2. If your answer is yes, list the grievance number(s) and the date listed as "Today's Date" box on the Prisoner/Corrections Client Grievance Form:
>
> PLEASE – see or order 2001, 2002, 2003 & now 2005 grievance/complaints from the Honorable James R. Giddings, case no. 02-1821-AA.

(Compl. at 2-3.) To describe what other steps he used to exhaust his state remedies, Plaintiff stated in Section III(F): "Certified mailed [sic] letter complaints to the defendants in 2001, 2002, 2003, & certified mailed [sic] letter complaints to the Honorable James R. Giddings on 08-08-2005, & or 11-27-2002." (*See* Compl. at 3.)

Plaintiff's allegations are too conclusory and unsupported to demonstrate that he has exhausted his available administrative remedies. As the Court previously noted, a prisoner must make particularized averments sufficient for the district court to determine what, if any, claims have been exhausted, *Knuckles El*, 215 F.3d at 642, and against which persons, *Curry*, 249 F.3d at 505.

Further, Plaintiff states that he did not file any grievances at the Pugsley Correctional Facility because he was afraid to complain. The PLRA does not excuse exhaustion for a prisoner who is under imminent danger of serious physical injury, much less for one who is afraid to complain. *Arbuckle v. Bouchard*, No. 03-1975, 92 Fed. Appx. 289, 291 (6th Cir. 2004); *see also McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004) (claim falling within the imminent danger exception to 28 U.S.C. § 1915(g) must nonetheless meet the mandatory exhaustion requirements of 42 U.S.C. § 1997e(a).) Plaintiff fails to specifically allege how he exhausted his retaliation and harassment claims nor does he attach any Step I, Step II and Step III grievance forms to his Complaint.

Further, Plaintiff has failed to indicate whether he pursued the grievances through all levels of review. A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (6th Cir. 1998) (prisoners "must allege and show that they have exhausted all available state administrative remedies"); *accord Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *1 (6th Cir. Aug. 13, 1999) (dismissal of claim for lack of exhaustion was appropriate where prisoners failed to complete the review process before bringing their lawsuit); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *1 (6th Cir. Dec. 17, 1998) ("Furthermore, even though Larkins may not have aborted the grievance procedure regarding the ninth cause of action raised in his complaint, such grievance was not resolved prior to the filing of either his complaint or amended complaint and, consequently, is unexhausted."); *Tucker v. McAninch*, No. 97-3880, 1998 WL 552940, at *2 (6th Cir. Aug. 13, 1998) (plaintiff failed to

complete the administrative process when he had grieved and appealed to the warden, but had one more appeal remaining to the director of the department).  Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* MICH. DEP'T CORR., Policy Directive 03.02.130, ¶ G(4).  The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).  However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 16, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |